UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TECMEN ELECTRONICS CO., LTD**, <br><br> Plaintiff, <br><br> v. <br><br> **MENARD, INC.** <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tecmen Electronics Co., Ltd. (hereinafter "Tecmen"), for its complaint against Defendant Menard, Inc. d/b/a Menards (hereinafter "Menards"), hereby alleges, upon personal knowledge as to itself and on information and belief as to all other matters, as follows:

**Nature of the Action**

1. This action arises as a result of Menards' infringement of United States Patent No. 8,826,464 (hereinafter "the '464 patent"), attached as Exhibit A, in violation of the Patent Act of the United States. Tecmen seeks damages for Menards' infringement, an injunction barring Menards' from further infringement, and other appropriate relief.

**The Parties**

2. Plaintiff Tecmen is a Chinese company with its principal place of business at D02-B No.21 North Liuzhou Road, Xiaoliu Industry Park, Nanjing, China.

3. On information and belief, Menards is a Wisconsin corporation having its principal place of business at 5101 Menard Drive, Eau Claire, Wisconsin 54703.

**Jurisdiction and Venue**

4. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq.* The Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

5. The Court has personal jurisdiction over Menards for one or more of the following reasons:

    a. The exercise of personal jurisdiction over Menards by this Court is consistent with the Federal Due Process Clause, Menards having established minimum contacts with this forum such that the exercise of jurisdiction over Menards would not offend traditional notions of fair play and substantial justice;

    b. Menards has done and continues to do business in the State of Illinois and with one or more residents of the State of Illinois, including in this District, including the operation and management of retail stores known as "MENARDS" in this District;

    c. Menards directs into the State of Illinois, including in this District, commerce, goods and services, and advertising including by mail, electronic communications, and other means;

    d. Menards has entered into contracts with one or more residents of the State of Illinois to supply products or services within the State of Illinois, including in this District;

    e. Menards has offered, and continues to offer, products constituting patent infringement relating to this complaint in the State of Illinois, including in this District; and

2

Case: 1:16-cv-07204 Document #: 1 Filed: 07/13/16 Page 3 of 7 PageID #:3

f.  Menards has made sales and shipments of infringing goods within the State of Illinois, including in this District.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Menards has transacted and continues to transact business within this District, and has sold and continues to offer for sale in this District products that constitute infringement. In addition, venue is proper because Tecmen has suffered and is suffering harm in this District.

## Background

7.  Tecmen is one of China's most professional and reliable manufacturers and exporters of auto-darkening welding helmets. As a supplier specializing in personal protective equipment (PPE) and welding protective appliances, Tecmen focuses on research, development and manufacturing.

8.  Tecmen cooperates with many global top-brand companies and has remained at the forefront of worldwide market. In the United States, Tecmen provides products to various companies.

9.  At the 2014 FABTECH trade show in Chicago, Illinois, Tecmen discovered that products that appeared to infringe Tecmen's patented technology were being sold by competitors in the United States. Upon further investigation, Tecmen discovered Menards' infringing activities.

## The Patent-in-Suit

10.  On September 9, 2014, United States Patent No. 8,826,464 was duly and legally issued by the United States Patent and Trademark Office to Tecmen. The '464 patent has remained in force since that time and continues to be in force.

11. Tecmen is the owner of all right, title and interest in the '464 patent.

12. The '464 patent covers a filter holding system for a welding mask.

13. Tecmen has practiced the '464 patent in connection with the commercialization of its TM10, TM11, TM14, TM15, TM16, TM17, TM18 welding shells. Such products have been sold and distributed in the United States through various companies.

**Count I**
**(Infringement of United States Patent No. 8,826,464)**

14. Tecmen incorporates by reference the allegations contained in paragraphs 1-13 above.

15. Menards has infringed and continues to infringe the '464 patent by, *inter alia*, offering to sell and selling in the United States, including in the State of Illinois and within this District, products infringing at least claim 8 of the '464 patent in violation of 35 U.S.C. § 271, including Performax welding helmets, both in retail stores and through its website (*see, e.g.*, http://www.menards.com/main/tools-hardware/power-tools-accessories/welding-soldering-equipment-accessories/performax-reg-solar-cell-auto-darkening-welding-helmet-shade-4-5-9-9-13/p-1444424130121.htm).

16. Menards infringes the '464 patent because, *inter alia*, the Performax welding helmets sold by Menards include a mask casing, a protective film, a headgear, an optical filter and a filter holding system; wherein the optical filter is held in the filter holding system and is connected on the welding mask with the filter holding system; wherein the filter holding system comprises: a holding frame body configured to support and accommodate the optical filter; and a connecting mechanism provided on the holding frame body, the connecting mechanism being

4

configured to connect and disconnect the holding frame body to and from the mask casing; wherein the connecting mechanism is moveable between a disconnect position and a connect position; wherein, when at the disconnect position, the connecting mechanism disconnects the holding frame body from the mask casing such that the holding frame body and the mask casing are separable from each other; wherein, when at the connect position, the connecting mechanism connects the holding frame body to the mask casing; wherein the connecting mechanism further comprises a connecting pin and a manipulating unit; wherein the connecting pin is accommodated in a connecting pin accommodating cavity of the holding frame body; wherein, when at the connect position, the connecting pin extends laterally out of the connecting pin accommodating cavity of the holding frame body such that the connecting pin is inserted into an accommodating cavity of the mask casing and wherein, when at the disconnect position, the connecting pin does not extend laterally out of the connecting pin accommodating cavity of the holding frame body, such that at the disconnect position the connecting pin is not inserted into the accommodating cavity of the mask casing; and wherein the manipulating unit is connected to the connecting pin such that movement of the manipulating unit is configured to switch the connecting pin between the disconnect position and the connect position.

17. Menards' acts of infringement of the '464 patent were undertaken without authority, permission or license from Tecmen. Menards' infringing activities violate 35 U.S.C. § 271.

18. Menards' infringement has damaged and continues to damage and injure Tecmen. The injury to Tecmen is irreparable and will continue unless and until Menards is enjoined from further infringement.

19. Tecmen is entitled to recover from Menards the damages sustained by Tecmen as a result of Menards' infringement in an amount subject to proof at trial.

20. Tecmen is entitled to a permanent injunction preventing Menards from further infringing the '464 patent.

## Prayer for Relief

WHEREFORE, Plaintiff, Tecmen, prays for the following relief:

A. A judgment entered in favor of Tecmen on its claim that Menards has infringed the '464 patent;

B. A permanent injunction enjoining Menards, its respective officers, directors, agents, and employees and all those in concert or participation with it, from making, importing, using, selling, and offering to sell infringing products practicing the '464 patent and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the '464 patent.

C. A judgment and order that Menards make an accounting to Tecmen and pay over to Tecmen damages arising out of Menards' infringement in an amount not less than a reasonable royalty for Menards' infringement.

D. An award of interest, including prejudgment interest, on all damages; and

E. An award to Tecmen of such further relief as the Court deems just and proper.

## Demand for Trial by Jury

Tecmen hereby demands a trial by jury as to all issues so triable.

Date: July 13, 2016				Respectfully submitted,


						*/s/ David M. Airan*_____
						David M. Airan (IL Bar No. 6215687)
						LEYDIG, VOIT & MAYER, LTD.
						Two Prudential Plaza, Suite 4900
						180 N. Stetson Ave.
						Chicago, IL 60601-6731
						(312) 616-5600 (phone)
						(312) 616-5700 (fax)

						Counsel for TECMEN ELECTRONICS CO., LTD.

7